Tegan Rodkey, Esq.
E: tegan@pricelawgroup.com
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Ste 247
Encino, CA 91310
T: (818) 600-5526
F: (818) 600-5526

*Attorneys for Plaintiff*
*KELVIN OLIVAS*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| KELVIN OLIVAS,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT INC,<br><br>Defendants. | Case No.: 5:23-cv-2301<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FDCPA, 15 U.S.C. § 1692, *et seq*. |

## **COMPLAINT**

Plaintiff Kelvin Olivas ("Plaintiff") sues Midland Credit Management Inc ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of California, residing in Fresno, California.

4. Defendant is a Kansas Corporation, with its principal place of business located in San Diego, California.

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from an unsecured line of credit between the original creditor of the Consumer Debt, Credit One Bank, and Plaintiff (the "Subject Service").

8. The Subject Service was primarily for personal, family, or household purposes.

9. The Consumer Debt is a debt related to a consumer financial product and/or service because the Consumer Debt arises from the unsecured line of credit the original creditor extended to Plaintiff, whereby said unsecured line of creditor was for the personal benefit of Plaintiff, Plaintiff's family, and/or members of Plaintiff's household.

10. In particular, the Consumer Debt relates to an unsecured line of credit with an account number ending with 2002.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer.

15. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

16. On July 14, 2023, Plaintiff notified Defendant in writing (the "Notice") that, among other things, "[t]he only convenient times to communicate with me (only by text and email) are Monday to Friday from 1 PM to 4 PM."

17. Attached as Exhibit "A" is a copy of the Notice.

18. Defendant received the Notice on July 14, 2023.

19. As of July 14, 2023, Defendant knew that the only convenient method to communicate with Plaintiff was text message or e-mail.

20. As of July 14, 2023, Defendant knew that the only convenient time to communicate with Plaintiff was between 1:00 PM and 4:00 PM.

21. Despite knowing that it (Defendant) could only communicate with Plaintiff *via* text message or e-mail between the hours of between 1:00 PM and 4:00 PM, on August 23, 2023, Defendant communicated with Plaintiff in an attempt to collect the Consumer Debt *via* a letter mailed to Plaintiff (the "Communication").

22. Attached as Exhibit "B" is a copy of the Communication.

23. The Communication is a communication from Defendant to Plaintiff in connection with the collection of the Consumer Debt.

24. The Communication attempts to collect the Consumer Debt from Plaintiff.

25. Defendant knew, or should have known, the Communication was transmitted to Plaintiff *via* inconvenient means and would otherwise wrongfully inconvenience Plaintiff.

26. The natural consequence of the Communication is the harassment, oppression, or otherwise abuse of Plaintiff in connection with the collection of the Consumer Debt because Defendant knew, by way of the Notice, that the method of communication it chose to transmit the Communication was inconvenient for Plaintiff.

27. Plaintiff was inconvenienced by the Communication.

28. As a result of the Communication, Plaintiff wasted time receiving, opening, and reviewing the Communication.

29. Upon receipt of the Communication, Plaintiff became frustrated by Defendant's complete disregard of the Notice as evidenced by Defendant's refusal to communicate with Plaintiff *via* the convenient means articulated by Plaintiff.

## Count 1

### VIOLATION OF 15 U.S.C. § 1692d

30. Plaintiff incorporates by reference ¶¶ 6-29 of this Complaint.

31. Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress,

or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

32. On November 30, 2020, the CFPB issued their final rule to revise Regulation F ("Reg F") which contains, among other things, the CFPB's most recent interpretation of the FDCPA.

33. Reg F addresses, among other things, communications in connection with debt collection and prohibitions on harassment or abuse, false or misleading representations, and unfair practices in debt collection. *See generally* 85 FR 76734.

34. With respect to the purpose of Reg F, it is stated "[Reg F] carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. 12 C.F.R. § 1006.1(b). Moreover, Reg F, "**prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances**." Id. (emphasis added).

35. Pursuant to § 1006.14(a) of Reg F, of which implements § 1692d of the FDCPA, "[a] debt collector must not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including, but not limited to, the conduct described in paragraphs (b) through (h) of this section."

36. Pursuant to § 1006.14(h)(1), "[i]n connection with the collection of any debt, **a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person**." (emphasis added).

37. With respect to the present matter, on July 14, 2023, Plaintiff notified Defendant in writing that the only convenient method to communicate with Plaintiff was text message or e-mail. As stated above, as of July 14, 2023, Defendant knew that the only convenient method to communicate with Plaintiff was text message or e-mail. Despite such knowledge, Defendant chose to communicate with Plaintiff in connection with the collection of the Consumer Debt on August 23, 2023, *via* a letter mailed to Plaintiff.

38. Thus, by attempt to collect the Consumer Debt from Plaintiff by and through the Communication, of which was transmitted to Plaintiff by

Defendant *via* means inconvenient to Plaintiff, Defendant violated 15 U.S.C. § 1692d.

39. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding the following relief:

    a. Actual damages as provided by 15 U.S.C. § 1692k;

    b. Statutory damages as provided by 15 U.S.C. § 1692k;

    c. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2

### VIOLATION OF 15 U.S.C. § 1692c(a)(1)

40. Plaintiff incorporates by reference ¶¶ 6-29 of this Complaint.

41. Section 1692c(a)(1) of the FDCPA provides that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

15 U.S.C. § 1692c(a)(1).

42. With respect to the present matter, on July 14, 2023, Plaintiff notified Defendant in writing that the only convenient method to communicate with Plaintiff was text message or e-mail. As stated above, as of July 14, 2023, Defendant knew that the only convenient method to communicate with Plaintiff was text message or e-mail. Despite such knowledge, Defendant chose to communicate with Plaintiff in connection with the collection of the Consumer Debt on August 23, 2023, *via* a letter mailed to Plaintiff.

43. Thus, by attempt to collect the Consumer Debt from Plaintiff by and through the Communication, of which was transmitted to Plaintiff by Defendant *via* means Defendant knew or should have known inconvenient to Plaintiff, Defendant violated 15 U.S.C. § 1692c(a)(1).

44. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding the following relief:

    *a.*    Actual damages as provided by 15 U.S.C. § 1692k;

    *b.*    Statutory damages as provided by 15 U.S.C. § 1692k;

    *c.*    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    *d.*    Any other relief that this Court deems appropriate under the circumstances.

Respectfully submitted this 12th day of October 2023.

> By: <u>Tegan Rodkey</u>
> Tegan Rodkey, Esq.
> E: tegan@pricelawgroup.com
> **PRICE LAW GROUP, APC**
> 6345 Balboa Blvd., Ste. 247
> Encino, CA 91310
> T: (818) 600-5526
> F: (818) 600-5526
>
> *Attorneys for Plaintiff*
> KELVIN OLIVAS